IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | CRIMINAL NO. RDB-17-440 |
| | * | |
| DEWARRON PARENTS, | * | |
| | * | |
| Defendant | * | |

\*\*\*\*\*\*\*

**CONSENT MOTION FOR EXCLUSION OF TIME
FROM SPEEDY TRIAL COMPUTATIONS**

The United States of America, by and through undersigned counsel, hereby moves this Court as follows:

1. The Speedy Trial Act, 18 U.S.C. § 3161, requires that a defendant be brought to trial within 70 days of indictment or initial appearance. The Act does provide for various circumstances under which the computation of time may be excluded.   18 U.S.C. § 3161(h).

2. On August 15, 2017, a grand jury sitting in the District of Maryland indicted the Defendant and nine others in a one-count indictment.

3. The Defendant had his initial appearance on January 16, 2020.   The Court released the Defendant on conditions.

4. The Government provided discovery to the Defendant on or about February 7, 2020.

5. The Court set a revised scheduling order on May 7, 2020, with a trial date of September 21, 2020.   ECF 269.

6. The Government previously requested and received an exclusion of time through September 21, 2020.   ECF 272, 273.

7. On August 6, 2020, the Court set a second revised scheduling order moving the trial date

to March 15, 2021.   ECF 274.

8.     The Government now requests an additional toll of the speedy trial clock through March 15, 20201.   The circumstances of this case permits such a delay and an exclusion of time during this period.   Periods of delay that extend the time within which trial should commence include delays granted by the Court on the basis of a finding that the ends of justice served by taking such action outweigh the best interest of the public and the Defendant's right in a speedy trial.   18 U.S.C. § 3161(h)(7)(A).   In this case, the requested extension of time will give the parties time to discuss a possible resolution in this case.   A plea disposition would serve the interests of justice because it would allow the parties to enter into a mutually acceptable and beneficial disposition and would also preserve the resources that might otherwise be expended in a trial.   Moreover, if the parties cannot reach an agreement, the additional time will allow the parties to prepare pre-trial motions and trial preparation, if necessary.   Therefore, in this case the ends of justice served by extending the computation of time under the Speedy Trial Act outweigh the interests of the defendant, and the public, in a speedy trial, and the resulting delay is permissible pursuant to 18 U.S.C. § 3161(h)(7).

9.     Counsel for the Defendant does not object to this request.

Wherefore, the United States, through undersigned counsel, hereby requests that the Court issue an Order providing for the requested exclusion of time from September 21, 2020 through March 15, 20201.

A proposed Order is attached herein.

                                        Respectfully submitted,

                                        Robert K. Hur
                                        United States Attorney

                 By:    _____/s/_____
                                        Patricia McLane
                                        Assistant United States Attorney

Filed ECF: September 3, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| **V.** | *    **CRIMINAL NO. RDB-17-440** |
| | * |
| **DEWARREN PARENTS,** | * |
| | * |
| **Defendant** | * |
| | ******* |

# ORDER

Upon consideration of the Government's Motion for Exclusion of Time from Speedy Trial Computations, the Court finds as follows:

The parties need additional time to engage in plea negotiations, and failing that, the parties need time to prepare pre-trial motions and trial preparation, if necessary. A plea disposition would serve the interests of justice because it would allow the parties to enter into a mutually acceptable and beneficial disposition and would also preserve the resources that might otherwise be expended in a trial.

In addition, the Defendant does not oppose the exclusion.

The circumstances of this case permit such a delay and an exclusion of time during this period. Periods of delay that extend the time within which trial should commence include delays granted by the Court on the basis of a finding that the ends of justice are served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Therefore, because the interest of justice served by such a delay outweighs the interests of the defendant and the public in a speedy trial, the period from September 21, 2020 through March 15, 2021, is excluded from computation under the Speedy Trial Act pursuant to 18 U.S.C.

§ 3161(h)(7).

IT IS HEREBY ORDERED pursuant to 18 U.S.C. § 3161(h)(7), that the period from September 21, 2020 through March 1, 2021, shall be excluded from computation under the Speedy Trial Act; and

The Clerk of the Court shall mail a copy of this Order to all counsel of record.

_____                           _____
Date                                          The Honorable Richard D. Bennett
                                              United States District Judge