

U.S. Department of Justice

United States Attorney
District of Maryland

*Patricia McLane*
*Assistant United States Attorney*
*Patricia.McLane@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4942*
*MAIN: 410-209-4800*
*FAX: 410-962-0717*

April 11, 2025

The Honorable Richard D. Bennett
United States District Court Judge
District of Maryland
Edward A. Garmatz United States District Courthouse
101 W. Lombard Street
Baltimore, MD 21201

    Re:    Sentencing in *United States v. Dewarron Parents*
             Crim. No. RDB-17-440

Dear Judge Bennett:

      The Defendant, Dewarron Parents, is scheduled for a sentencing hearing on May 6, 2025, at 11:00 a.m. The Government offers this brief sentencing letter in support of a downward variant **18-month sentence**.

      The Defendant is in an unusual position. He did not have an initial appearance until 2020, despite a 2017 Indictment. At that time the Court released him on conditions. On August 21, 2020, the Court issued a warrant when the Defendant absconded. The Defendant remained elusive for four and a half years. On November 25, 2024, the Defendant was apprehended pursuant to the 2020 warrant. He has been detained pending a resolution in this matter since that date.

      Although it is accurate that every day the Defendant was "on the run" after he violated his release conditions in 2020 he was breaking the law, he did not commit any other crimes. The Government is not aware of any arrests or convictions of the Defendant between 2017 and his apprehension in 2024. According, the Government is seeking a downward variant sentence. It should be noted that the 18-month sentence is commiserate with similarly situated defendants in this Indictment and discussed *infra*.

## I. UNITED STATES SENTENCING GUIDELINES

      The Government agrees with the sentencing guidelines calculation and criminal history level laid out in the Presentence Investigation Report ("PSR"). ECF No. 342. Therefore, the sentencing guidelines are 46-57 months' incarceration.

# II. THE RELEVANT SECTION 3553(a) FACTORS

A downward variant sentence of 18 months' imprisonment is appropriate because the Defendant 1) received his most serious conviction (Theft $500 Plus) at the age of 17; 2) had no law enforcement contacts between the Indictment and November 2024; 3) is similarly situated to three co-defendants who received 24 months or less incarceration for similar charges; and 4) did not possess a firearm during the conspiracy. A period of incarceration is necessary to provide just punishment, afford adequate deterrence, and protect the public; however, the guideline range is not appropriate considering the mitigating evidence. Rather, an 18-month sentence is significant but not greater than necessary.

### A. Nature and Circumstances of the Offense, the Seriousness of the Offense, and the Need to Protect the Public from Further Crimes of the Defendant

No one can argue that being part of a drug shop is a dangerous and serious crime. The nature of the drug shop has participants in different roles and therefore, different levels of culpability. The Indictment reflects this. The Defendant's co-defendants ranged from the source of supply of drugs and firearms to hitters who distributed small quantities in exchange for drugs for personal use. The Defendant fell into the latter category. Undercover officers made two purchases from the Defendant, himself an addict. The Government does not have any evidence that the Defendant possessed a firearm like some co-defendants. And the Government does not believe the Defendant is the source of supply because after the Indictment of the drug shop the Defendant did not appear on any law enforcement radar until three years later.

And the sentences issued in this case reflect the different roles. The most culpable defendant received 132 months while a lesser involved defendant received one year and one day. The 18-month sentence, while a downward variant sentence, is in the middle of the three similarly situated co-defendants.

### B. History and Characteristics of the Offender

The Defendant lacks the typical life of a criminal given his supportive family both as a child and now as an adult. The Defendant has educational gaps but held jobs and provided for his family until recently. *See id.,* ¶¶ 49-58; 68-73. He appears have addiction challenges which need to be addressed. *Id.* ¶ 67. The need for services is apparent and a period of incarceration will provide time for the Defendant to focus on a career and gain important skills to prosper upon release. Further, a three-year period of supervised release may offer more structure than state probation and provide additional support to the Defendant upon release.

### C. The Need to Afford Adequate Deterrence.

Taking deterrence into account, an 18-month sentence may not deter others, but it will most likely deter the Defendant. He remained crime-free for years (excluding the absconding which was an on-going crime) and it is clear imprisonment is something the Defendant wants to avoid. A short period of incarceration should serve as a reminder to continue being law-abiding.

Moreover, the Defendant has never served any appreciable time in prison prior to his arrest in this matter.

## IV. CONCLUSION

For these reasons, the Government respectfully submits that a sentence of 18-months' imprisonment would be sufficient but not greater than necessary to achieve the purposes of sentencing under Section 3553(a).

Very truly yours,

Kelly O. Hayes
United States Attorney

_____/s/_____
Patricia McLane
Assistant United States Attorney